RICHARD H. ERNST, Respondent, v. STATE OF NEW YORK, Appellant. (Motion No. M–4708.)— Appeal from an order of the Court of Claims granting claimant's motion for leave to file a late claim against the State of New York pursuant to subdivision 5 of section 10 of the Court of Claims Act. On February 24, 1958 claimant was injured in an airplane accident while a passenger in a plane said to have been owned by the New York National Guard and piloted by a National Guard officer. On June 10, 1958 he made a motion for an order permitting him to file a claim against the State of New York in accordance with subdivision 5 of section 10 of the Court of Claims Act. The statutory time within which to file a claim against the State, which is 90 days, had expired some time in May, 1958, and hence respondent was required to obtain permission to file a late claim upon affidavits showing a reasonable excuse for failure to file within the 90-day period. The Court of Claims granted respondent's motion, and has stated its reasons therefor in a detailed and lengthy opinion. Respondent's application was based upon the theory that he was a nonresident and that neither he nor his nonresident counsel were familiar with the requirements of the Court of Claims Act with respect to the necessity of filing a claim within a period of 90 days after the claim arose. He also claimed that at the time the accident happened he was ignorant of the fact that he was being transported in a New York National Guard plane and there are conflicting affidavits on that issue. He retained a member of the Massachusetts Bar to represent him and on May 8, 1958, within the 90-day period, his counsel wrote to the Commanding Officer of the airport from where the flight started requesting information as to the military status of the pilot and the nature of the flight which ended in the accident. No answer was received from that letter until May 26, 1958, which was 91 days after the cause of action had accrued, and even then the information requested was not furnished. It is quite true that under ordinary circumstances ignorance of the law cannot be accepted as an excuse for failing to comply with the Court of Claims Act. Nevertheless there has been an occasional departure from this rule in the case of a nonresident (*Potter* v. *State of New York*, 5 A D 2d 725). In the present case the court below has found that claimant was not a resident of the State and, in the light of all the surrounding circumstances, presented a reasonable excuse for the late filing of his claim. We think that under the rather unusual situation disclosed the court below did not abuse its discretion in permitting a late filing. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ. [15 Misc 2d 954.]